Sucesores de Andreu & Co., S. en C., Recurrentes, *v.* El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una escritura de venta de finca rústica.

No. 176.—Resuelto en mayo 7, 1914.

Mandato—Interpretación Restrictiva—Significación Corriente de las Palabras.—El mandato debe ser interpretado restrictivamente y a sus palabras

debe dárseles la significación en que podrían ser entendidas por una persona de inteligencia corriente.

Id.—Facultad Para Otorgar un Contrato Real—Alcance de Esta Frase—Facultad Para Enajenar Bienes Inmuebles.—El poder objeto de este recurso confirió facultades al mandatario para ejecutar "toda clase de actos y contratos, cuasi contratos, concretos, aleatorios, innominados, reales, consensuales, civiles y mercantiles, constituyéndolos, modificándolos extinguiéndolos, cancelándolos, sobre toda clase de bienes inmuebles, semovientes e incorporales" y para otorgar las escrituras públicas que fueren necesarias. *Se resolvió* que la frase para otorgar contratos reales interpretada en el sentido en que podría ser entendida por una persona sin conocimiento especial de las leyes, no equivale a la facultad expresa para enajenar bienes inmuebles.

Id.—Enajenación de Bienes Inmuebles—Documentos Públicos—Ratificación de la Venta por Medio de un Affidavit.—El documento público a que se refiere el artículo 1247 del Código Civil, enmendado por la Ley No. 65 de marzo 7, 1912, en relación con el artículo 3 de la Ley Hipotecaria, es una escritura pública y un *affidavit* no constituye tal documento público a los efectos de ratificar una escritura de venta de bienes inmuebles otorgada por un mandatario sin poder bastante para ello, y cuya inscripción en el registro ha sido denegada por ese motivo.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Benito Forés.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

María de Jesús Martell y Rivera otorgó un poder a favor de su esposo en el cual le confirió entre otras facultades la de ejecutar "toda clase de actos y contratos, cuasi contratos, concretos, aleatorios, innominados, reales, consensuales, civiles, y mercantiles, constituyéndolos, modificándolos, extinguiéndolos, cancelándolos, sobre toda clase de bienes inmuebles, semovientes e incorporales," habiéndole conferido además poder para otorgar las escrituras públicas que fueren necesarias. No existían en dicho poder otras palabras o que fueran más específicas, por las cuales se diera facultad al esposo para enajenar o vender bienes inmuebles. Como todo poder debe ser interpretado estrictamente y el artículo 1615 del Código Civil prescribe que "para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio es necesario mandato expreso," somos de opinión de que las

palabras contenidas en el poder no fueron suficientes para
constituir un mandato expreso.  Las palabras de un poder
deberán ser interpretadas en el sentido en que podrían ser
entendidas por una persona de inteligencia corriente que
lo otorgara, y ninguna persona que no tenga un conocimiento
especial de la ley entenderá la facultad para otorgar un
contrato real como una que confiere facultad para enajenar.
Las palabras del mismo no constituyen un mandato expreso
para enajenar, sino que son términos generales, contra los
cuales la ley trata de proteger al otorgante, exigiendo tér-
minos especiales y expresos.  Al ser presentada la escritura
de venta al registrador éste resolvió correctamente que el
poder no era suficiente.

Las partes al parecer no consideraron suficiente el poder
pues acompañaron a la escritura la siguiente declaración ju-
rada (*affidavit*):

"Por el presente yo María Jesús Martell y Rivera, de cuarenta
y ocho años, casada, de oficio doméstico y vecina de Maricao, bajo
juramento declaro: que al conferir poder a mi legítimo esposo Am-
brosio Martínez e Irizarry, según escritura en este pueblo ante el
notario Don Guillermo H. Moscoso y Rodríguez, de Mayagüez a veinte
y siete de junio de 1913, expresé a dicho notario mi voluntad expresa
de que el mandato contuviera facultades bastantes al mandatario
para otorgar toda clase de escrituras, incluyendo las de ventas, com-
pras y demás no sólo de mis bienes particulares sino de los adquiri-
dos durante el matrimonio: que el notario redactó el poder y me fué
leído, estimando siempre que comprendía mi citada voluntad al con-
signarse que otorgase contratos reales, por lo que juro solemnemente
que el mandatario tiene facultades para hacer ventas de todas clases
de bienes inmuebles de todas clases por el precio y condiciones que
estime convenientes; y por tal motivo siendo necesario ratifico y
apruebo en todas sus partes la venta que mi citado esposo realizara
de cinco cuerdas de terreno en el barrio de Bucarabones, lugar de la
Guaba de este término municipal a favor de Sucesores de Andreu
y Ca., S. en C., por quinientos dollars recibidos."

El registrador se negó a inscribir el documento presen-
tado fundándose en que el poder conferido no contenía facul-

tad expresa para enajenar y en que de acuerdo con la ley no era suficiente el *affidavit* acompañado para corregir el defecto.

El artículo 1247 del Código Civil, según ha sido enmendado por la Ley No. 65, de marzo 7, 1912, prescribe entre otras cosas lo siguiente:

"Art. 1247.—Deberán constar en documento público:

&#42;  &#42;  &#42;  &#42;  &#42;  &#42;  &#42;

5. El poder general para pleitos y los especiales que deban presentarse en juicio; el poder para administrar bienes, y cualquier otro que tenga por objeto un acto redactado o que deba redactarse en escritura pública, o haya de perjudicar a tercero."

En el documento público de que habla la ley no está comprendida la declaración jurada. El artículo 3 de la Ley Hipotecaria exige que para que pueda ser inscrito un título sobre bienes inmuebles el acto por virtud del cual se transfiere el dominio deberá estar consignado en escritura pública, ejecutoria o documento auténtico, y en ninguna parte de la ley desde entonces aprobada ha sido incluída la declaración jurada. Galindo y Escosura en sus Comentarios acerca del artículo 3 de la Ley Hipotecaria, tomo 1, página 473, y siguientes, expresa su opinión de que el documento público a que hace referencia el artículo 1280 del Código Civil Español (equivalente al 1247, *supra* de nuestro código) es una escritura pública. En igual sentido se expresa dicho comentarista al tratar de esta cuestión en el tomo 1, pág. 462, edición 4ª. de la Ley Hipotecaria. Y en la página 117 del tomo 2°. de dicha obra hace el mismo comentario.

Es verdad que en el artículo 45 de la Ley de Evidencia se expresa que "los documentos públicos son los que se determinan en el artículo 1184 del Código Civil," en cuyo artículo se dice que son documentos públicos los autorizados por un notario, pero según la ley hipotecaria el *affidavit* no está considerado como documento público pues este instrumento es de creación posterior y no ha sido incluído espe-

cíficamente como medio para traspasar bienes. Además, en el artículo 124 de dicha Ley de Evidencia se define un *affidavit* como una declaración escrita que se hace bajo juramento y sin notificación a la parte contraria. Según el artículo 123 de la expresada ley, un *affidavit* es uno de los modos de tomar declaración a los testigos, disponiendo además la ley en su artículo 128, lo siguiente:

"Podrá hacerse uso de un *affidavit* para comprobar un alegato, o un documento en un procedimiento especial; para probar la entrega de una citación, notificación u otro auto judicial en una acción o procedimiento especial; para obtener una providencia, el examen de un testigo, la suspensión de procedimientos, o en virtud de una moción, y en cualquier otro caso expresamente permitido por alguna otra disposición de esta ley, o de cualquiera otra ley de Puerto Rico."

Se verá pues, que el *affidavit* es principalmente para fines de la corte pudiendo usarse para otros fines cuando la ley expresamente lo permite. No existe ningún precepto legal que permita usar el *affidavit* como medio de enajenación de bienes, debiendo por consiguiente confirmarse la nota del registrador.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.