LABORDE, DEMANDANTE Y APELANTE, *v.* TORO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre indemnización por incumplimiento de contrato.

No. 1295.—Resuelto en julio 28, 1915.

MANDATO—APLICACIÓN DE LOS PRECEPTOS DEL CÓDIGO CIVIL REVISADO.—En este caso demandante y demandado celebraron un contrato que consta en una carta dirigida por el segundo al primero, así: ''Por la presente autorizo a usted para que por los medios que tenga a su alcance gestione el cobro de diez y seis mil ciento cincuenta y tres dollars con cincuenta centavos importe de arriendo de un mil quinientas noventa y una sesenta y tres centavos cuerdas de terreno correspondiente a los meses del 1 de enero de 1913 al 31 de marzo del presente año que tengo vencidos con el señor Behn, *receiver* de la corporación 'Borinquen Sugar Company.' Al nombrar a usted mi agente y representante con tal objeto le autorizo también para que por su cuenta y riesgo utilice los servicios de abogado si fuere necesario, entendiendo que acepto en pago de mi crédito arriba expresado el cincuenta por ciento del mismo que recibiré de usted y para lo cual le autorizo a firmar y endosar con mi nombre el cheque que por dicha suma me sea entregado y concediéndole el beneficio de cualquier exceso que usted reciba de dicho tanto por ciento como comisión de sus gestiones.'' *Se resolvió:* que dicho contrato debe calificarse de mandato y en tal virtud regularse por los preceptos del Código Civil Revisado sobre la materia.

ID.—REVOCACIÓN DEL MANDATO—HECHOS AISLADOS DE SU EJERCICIO—DAÑOS Y PERJUICIOS.—De acuerdo con la ley vigente en Puerto Rico, el mandante tiene facultad para revocar, cuando le plazca, la comisión que confiera al mandatario, y el solo hecho aislado del ejercicio de esa facultad, no puede servir de base para una reclamación de daños y perjuicios.

ID.—INTERPRETACIÓN DE LOS MANDATOS—TÉRMINOS, PACTOS Y CONDICIONES EN PARTICULAR.—En la interpretación de los mandatos, deben tenerse en cuenta, además de la ley, los términos, pactos y condiciones que en cada caso particular convengan las partes contratantes.

ID.—DERECHOS Y OBLIGACIONES ENTRE EL MANDANTE Y EL MANDATARIO—DERE-
CHOS ADQUIRIDOS MIENTRAS EL CONTRATO ESTUVO EN VIGOR.—REVOCACIÓN
DEL PODER.—Si de acuerdo con los términos del contrato celebrado, el man-
datario, mientras el mandato está vigente, llega a adquirir los derechos que
en el mismo se le reconocen, el mandante no puede destruir dichos derechos
por medio de una tardía revocación del poder que confiriera.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eugenio Benítez Castaño.*

Abogados del apelado: *Sres. Aponte & Aponte.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del
tribunal.

El presente es un recurso de apelación contra una sen-
tencia de la Corte de Distrito de Humacao dictada sobre las
alegaciones en un caso de indemnización por incumplimiento
de contrato.

En la demanda se alegó, en resumen, que demandante y
demandado, ambos vecinos de Humacao, celebraron un con-
trato que, copiado a la letra, dice así:

"Humacao, P. R., abril 1º., '14.—Señor don Alejandro Laborde,
Humacao, Puerto Rico. Muy señor mío y a: Por la presente auto-
rizo a usted para que por los medios que tenga a su alcance gestione
el cobro de diez y seis mil ciento cincuenta y tres dollars con cin-
cuenta centavos importe de arriendo de un mil quinientas noventa y
una sesenta y tres centavos cuerdas de terreno correspondiente a los
meses del 1 de enero de 1913 al 31 de marzo del presente año que
tengo vencidos con el señor Behn, *receiver* de la corporación Borin-
quen Sugar Company. Al nombrar a usted mi agente y represen-
tante con tal objeto le autorizo también para que por su cuenta y
riesgo utilice los servicios de abogado si fuese necesario entendiendo
que acepto en pago de mi crédito arriba expresado el cincuenta por
ciento del mismo que recibiré de usted y para lo cual le autorizo a
firmar y endosar con mi nombre el cheque que por dicha suma me
sea entregado y concediéndole el beneficio de cualquier exceso que
usted reciba de dicho tanto por ciento como comisión de sus gestiones.
De usted atto. a. y S. S. (Firmado) José Toro Ríos."

Que el demandante en cumplimiento de las obligaciones
que contrajo, se trasladó varias veces a San Juan y gestionó
activamente el cobro de la cantidad, y no pudiendo conse-

guirlo por sí mismo, nombró para defender los intereses de los demandados a los abogados señores Guerra y Benítez a quienes entregó trescientos pesos en dinero efectivo como *retainer fees* y con quienes convino en partir el exceso que pudiera obtenerse después de cubierto el cincuenta por ciento del crédito que correspondía al demandado.

Que los abogados hicieron todas las gestiones que se describen y al fin obtuvieron que el *Special Master* declarara la preferencia del crédito del demandado, aprobando la Corte Federal su informe y autorizando al *Receiver* a pagar el sesenta y cinco por ciento, siempre que se renunciara al treinta y cinco por ciento restante.

Que el demandante al fin estuvo conforme y, al tratar de cobrar el dicho sesenta y cinco por ciento, el *Receiver* se negó a pagárselo por haber el demandado impugnado la representación del demandante y negado el contrato con el mismo celebrado. Que el demandante, en cumplimiento del contrato celebrado con el demandado, realizó muchos viajes a la ciudad de San Juan, permaneciendo en ella durante largas estadías, desatendiendo sus otros negocios e incurriendo en gastos de consideración.

Por todo lo cual alegó el peticionario que había sufrido perjuicios por la suma de $8,076.75.

El demandado alegó dos excepciones previas, a saber: la de que la demanda era dudosa por cuanto en ella no se detallaban los conceptos y cuantía de los perjuicios sufridos, y la de que no aducía hechos suficientes para constituir una causa de acción.

La corte de distrito prescindió de considerar la primera de las excepciones y declaró con lugar la segunda, desestimando, en su consecuencia, la demanda, con las costas al demandante. Registrada la sentencia el 8 de febrero de 1915, el demandante interpuso contra ella el presente recurso de apelación.

El asunto se debatió ampliamente ante este Tribunal Supremo y la primera cuestión que se suscitó y discutió fué

la de la calificación que debía darse al contrato transcrito en la demanda, sosteniendo el demandante que dicho contrato entrañaba un verdadero *"Power of Attorney coupled with an interest"* y alegando el demandado que era un simple mandato que debía interpretarse aplicando las leyes vigentes en Puerto Rico sobre la materia.

En su opinión, la corte sentenciadora se expresa como sigue:

"Del contenido de dicho documento aparece claramente, que José Toro Ríos, autorizaba a Laborde, para que llevara a cabo actos, que a no mediar la representación, habían de ser puestos en práctica por el propio demandado, elementos que integran un contrato de mandato, cuyo resultado es la realización de actos jurídicos por cuenta ajena. Ahora bien, habida cuenta de la naturaleza del contrato ¿puede éste ser menospreciado por el demandado sin incurrir en responsabilidad para con el demandante? La representación de éste afirma que no, toda vez que el mandato en cuestión, a más de no ser gratuito tiene una modalidad especial, por cuanto crea ciertos derechos en el mandatario, debiendo ser considerado como un contrato bilateral o poder especial con interés en la cosa objeto del mandato. *(Power of attorney, coupled with an interest.)* A este respecto,. entendemos que el demandante no puede hacer una forzosa denominación, extraña a nuestro derecho positivo, para calificar hechos que, atendida la forma de su desenvolvimiento, están perfectamente comprendidos dentro del cuerpo legal que regula las relaciones de los individuos entre sí. (13 D. P. R., 369.)

"Tenemos pues, que el documento otorgado por José Toro Ríos a favor de Alejandro Laborde, es un mandato claro y concreto tal como lo define el artículo 1611 del Código Civil, debiendo por tanto esta materia regularse por dicho código, que en su artículo 1635, dice así:

"'Art. 1635.—El mandante puede revocar el mandato a su voluntad, y compeler al mandatario a la devolución del documento en que conste el mandato.'

"Si el contrato de Toro Ríos y Laborde es un mandato, y si el mandato, que es una representación que implica confianza, puede revocarse a voluntad del mandante ¿cómo puede el mandatario deducir acción contra aquél por la revocación que el estatuto deja a su arbitrio? Y aun cuando por el documento suscrito por Toro Ríos a favor de Laborde, pudiera considerarse que no era gratuito el man-

dato, tal circunstancia no sería impedimento para la revocación, ya que el legislador al decir que el mandato es revocable a voluntad del mandante, no ha distinguido entre mandatos gratuitos y remunerados, y *ubi lex non distinguet distinguere non debemus.*''

De suerte que el tribunal sentenciador entendió que tratándose de un contrato de mandato y habiendo el mandante, ejercitando la facultad que la ley le concede, revocado la representación que había conferido al mandatario, carece éste en absoluto de acción para reclamar daños y perjuicios en relación con el contrato celebrado.

Aceptamos que el contrato de que se trata en este pleito, debe calificarse de mandato y en tal virtud regularse por los preceptos del Código Civil revisado sobre la materia, y, aceptándolo, entendemos que la demanda aduce hechos suficientes para determinar una causa de acción.

No negamos la facultad que de acuerdo con las leyes vigentes en Puerto Rico tiene el mandante para revocar, cuando le plazca, la comisión que confiera por medio del mandato. Tal facultad le está reconocida expresamente por el art. 1635 del Código Civil y el solo hecho aislado de su ejercicio no puede servir de base para una reclamación de daños y perjuicios. Pero no puede desconocerse que el mandato es un contrato que crea derechos y obligaciones entre ambas partes contratantes y que, además de la ley, es necesario tener en cuenta para interpretar cada caso particular que se presente, los términos, pactos y condiciones de dicho caso particular. Y en este que está sometido a nuestra consideración y resolución, no es posible negar que se reconocieron al mandatario ciertos derechos que si llegaron a adquirirse mientras el contrato estuvo en todo su vigor, no podrían luego destruirse con una tardía revocación del poder otorgado.

Si la demanda se basara, por ejemplo, en el hecho de que el mandante, sin causa, había revocado la comisión conferida al mandatario, y por ese solo hecho le había causado perjuicios en su reputación, la demanda, de acuerdo con la ley,

vigente en Puerto Rico, no aduciría hechos bastantes para determinar una causa de acción. Pero la demanda en este caso alega además de la celebración del contrato en los términos que se hicieron constar en el mismo y que claramente implican una remuneración, que el demandante empezó a cumplir la comisión que le había conferido el demandado; que dedicó su inteligencia y su tiempo y la inteligencia y el tiempo de otras personas al logro de los deseos del demandado; que viajó y gastó en el desempeño de su cometido, y que cuando sus gestiones se vieron coronadas por el éxito, el demandado le impidió recibir el fruto de su trabajo, previamente pactado en el contrato. Bajo tales circunstancias, la misma ley reconoce el derecho del demandante.

Los arts. 1630 y 1631 del Código Civil revisado, dicen así:

"Art. 1630.—El mandante debe anticipar al mandatario, si éste lo pide, las cantidades necesarias para la ejecución del mandato.

"Si el mandatario las hubiere anticipado, debe reembolsarlas el mandante, aunque el negocio no haya salido bien, con tal que esté exento de culpa el mandatario.

"El reembolso comprenderá los intereses de la cantidad anticipada, a contar desde el día en que se hizo la anticipación.

"Art. 1631.—Debe también el mandante indemnizar al mandatario de todos los daños y perjuicios que le haya causado el cumplimiento del mandato, sin culpa ni imprudencia del mismo mandatario."

Comentando Manresa el artículo 1728 del Código Civil antiguo, igual al 1630 del Código Civil revisado, se expresa como sigue:

"El artículo anterior tiene como materia la determinación de las obligaciones del mandante con relación a los terceros, y en éste se inicia la enumeración de las que tiene con su apoderado. Confírmase con ello cuanto apuntamos al comentar el 1709, sobre el carácter bilateral del mandato en la mayoría de los casos. Porque si la esencia de la bilateralidad estriba en que cada una de las partes resulta obligada en virtud de la convención, derivando de ésta una acción personal y directa para compelerse mutuamente a su cumplimiento, el texto legal objeto de este comentario demuestra cómo del

mandato nacen obligaciones para el mandante, y a cuya estricta observancia puede compelerle el apoderado ejercitando lo que los romanos llamaban la acción *mandati contraria.*

    \*         \*         \*         \*         \*         \*         \*

"Corrobora la doctrina sustentada de que nacen del mandato acciones recíprocas para ambas partes, el derecho que al mandatario asiste ejercitando la acción *mandati contraria* para reclamar, no solo el abono de los gastos hechos, sino también el de la remuneración convenida.

"Guarda silencio sobre ésto el art. 1728, y nada tampoco dicen los siguientes; más de ello no se puede inferir la carencia de aquel derecho en el mandatario, pues en el art. 1711 se establece la hipótesis de que el mandato puede ser remunerado, y sienta en su segundo párrafo hasta la presunción de la retribución cuando el mandatario tiene por ocupación el desempeño de servicios a los que se refiere el mandato. Por ser el contrato la ley de los contratantes y establecida por modo tan inconcuso la licitud de la estipulación del mandato retribuído, estimamos que la omisión entre las obligaciones del mandante de la remuneración debida, no atenúa ni merma en lo más mínimo el derecho que tiene el mandatario a exigir su cumplimiento al mandante, en el supuesto de tratarse de un mandato a los que alcance la presunción del art. 1711.

"Demuéstrase con lo expuesto el carácter bilateral que en la mayoría inmensa de los casos tiene la relación jurídica que el mandato implica. 11 Manresa, Código Civil Español, 539, 540."

Y glosando el mismo autor el artículo 1729 del Código Civil antiguo, igual al 1631 del revisado, expresa:

"No ha menester de explicación el fundamento jurídico de este texto legal, pues júntanse para justificarlo los principios de la equidad y del derecho. A la acción que el mandante tiene para reclamar del mandatario los daños y perjuicios que le ocasionara la inejecución del mandato, corresponde la que a favor de este último establece el art. 1729 para reclamar de aquél igual indemnización por los que le haya causado su cumplimiento. Ha querido con ello el legislador hacer en este punto recíprocas las acciones, tanto más cuanto que, tratándose, sobre todo, del mandato gratuito, hubiera sido inicuo no reconocer este derecho en el mandatario, siendo la comisión conferida la causa de la pérdida y del daño. 11 Manresa, Código Civil Español, 545."

Tal vez analizando la demanda se encuentre que no se ha redactado con toda la claridad y precisión que se requiere en un documento de tal naturaleza. Sin embargo, no queremos emitir opinión en cuanto a ese extremo, dejando a la Corte sentenciadora que lo resuelva libremente después de oídas ambas partes. El caso debe necesariamente volver a la corte de distrito y no queremos exponer ninguna doctrina que pueda prejuzgar la decisión definitiva del mismo que deba dictarse después de hechas las alegaciones y practicadas las pruebas.

Por virtud de todo lo expuesto, opinamos que aduciendo como aduce la demanda hechos suficientes para determinar una causa de acción, la sentencia que resolvió lo contrario debe revocarse, devolviéndose el pleito a la Corte de Distrito de su origen para ulteriores procedimientos de acuerdo con la ley.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.