Morell, Recurrente, *v.* El Registrador de Arecibo, Recurrido.

Recurso gubernativo contra notas del Registrador de la Propiedad de Arecibo denegando la inscripción de contratos de venta y subsiguiente hipoteca.

No. 363.—Resuelto en marzo 6, 1919.

Actos de Comercio — Compraventa Mercantil de Bienes Inmuebles. — De acuerdo con el artículo 2 del Código de Comercio de 1885, vigente actualmente en Puerto Rico, la compraventa de bienes inmuebles puede reputarse mercantil, por lo que un contrato de esta índole, celebrado por el gestor de una sociedad mercantil al cual se ha confiado el uso de la firma social y la facultad de otorgar escrituras públicas, como ocurre en el presente caso, es inscribible en el registro de la propiedad siempre que reúna los requisitos que exige la Ley Hipotecaria para la inscripción de los contratos.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Gustavo Rodríguez.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

Uno de los gestores de la sociedad mercantil Cosío & Primo vendió en nombre de la sociedad una finca rústica a Don Antonio Morell por precio que en parte recibió de contado y que en parte quedó aplazado con hipoteca constituída por el comprador sobre la misma finca.

Presentada la escritura de hipoteca en el registro de la propiedad, el registrador negó su inscripción fundándose para ello en que el gestor carece ·de facultades para verificar la venta de bienes inmuebles de la sociedad, y no habiendo hecho esa inscripción negó también la de la hipoteca por no estar la finca inscrita a nombre del deudor Sr. Morell.

Interpuesto el presente recurso gubernativo por· el comprador y deudor, expone el registrador en su alegato escrito que las facultades de los gestores de Cosío & Primo están limitadas por el contrato de sociedad a operaciones de comercio y que como la venta de un bien inmueble no es operación mercantil necesitan sus gestores de poder especial para esa clase de operaciones.

Mientras estuvo en vigor el Código de Comercio del año 1829 la compraventa de bienes inmuebles nunca era acto de comercio porque el artículo 360 de aquel Código expresamente así lo declaraba, según fué reconocido por la sentencia del Tribunal Supremo de España de 25 de octubre de 1873; pero cuando se redactó el Código de Comercio vigente del año 1885 se suprimió ese precepto y su artículo 2º. se escribió de tal modo que permitiese que la compraventa de bienes inmuebles fuese mercantil, diciendo al efecto que serán actos de comercio los comprendidos en el código y cualesquiera otros de naturaleza análoga, por lo cual no puede sostenerse hoy que la compraventa de bienes inmuebles no puede ser mercantil. Con tal motivo en la exposición de motivos del código vigente se dice lo que sigue:

"Por manera, que no puede admitirse, como principio absoluto, el consignado en el código vigente, que niega a toda venta de bienes raíces el carácter de mercantil. Esta calificación dependerá de las circunstancias que concurran en cada caso, la cual harán los tribunales,

aplicando los principios generales sobre la naturaleza de los actos de comercio. Y para que no sea obstáculo a la decisión judicial el texto del código vigente que cierra la puerta a toda interpretación, el proyecto ha prescindido de él, al redactar nuevamente las reglas especiales sobre este contrato. Por lo demás, la compraventa de bienes inmuebles aunque se califique de acto comercial, se verificará con sujeción a las formalidades establecidas en las leyes especiales sobre adquisición y transmisión de la propiedad territorial.''

Pudiendo, pues, ser mercantil la compraventa de bienes inmuebles, la cuestión de si lo es o no ha de ser resuelta por los tribunales de justicia en el juicio correspondiente; y cuando el contrato se celebra por un gestor de la sociedad a quien se ha confiado el uso de la firma social y la facultad de otorgar escrituras públicas, como ocurre en el presente caso, el registrador debe verificar la inscripción. Resoluciones de la Dirección de los Registros de la Propiedad de España de 18 de julio de 1899 y 11 de agosto de 1908.

Una vez inscrita la finca a nombre del deudor habrá desaparecido el obstáculo que impidió la inscripción de la hipoteca.

Debe ser inscrita la venta a que se refiere este caso y subsiguientemente debe verificarse la inscripción de la hipoteca.

> *Revocadas las notas recurridas ordenándose al registrador inscriba la venta y subsiguientemente la hipoteca.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.