Yabucoa Sugar Company, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegatoria de inscripción de una escritura de compraventa.

No. 523.—Resuelto en mayo 22, 1922.

Mandato—Poder para Vender Bienes Inmuebles.—El poder para administrar no lleva consigo la facultad de vender bienes inmuebles y la autorización para firmar las escrituras de enajenación que verifique una sociedad concedida a un socio, no constituye el poder expreso que para enajenar bienes inmuebles exigen la ley y la jurisprudencia.

Registro de la Propiedad—Documento que Puede Inscribirse.—Por disposición expresa de la Ley Hipotecaria para que pueda inscribirse un acto o contrato en el registro, debe estar consignado en escritura pública, ejecutoria o documento auténtico expedido por autoridad judicial o por el Gobierno o sus agentes en la forma que prescriban los reglamentos. Una certificación librada por el secretario de una sociedad comercial, industrial y agrícola constituída de acuerdo con el Código Civil relativa a un acuerdo tomado por la dicha sociedad, no es un documento que reuna las solemnidades externas necesarias para inscribirse por sí solo en el registro.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. F. González.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Humacao una escritura de compraventa de finca

rústica otorgada el 1º. de enero de 1922 por la sociedad "Emilio Colón e Hijos, Limited," de Yabucoa, P. R., representada por su administrador, a favor de "La ·Yabucoa Sugar Company," una corporación domiciliada en San Juan, P. R., el registrador se negó a ello en la siguiente forma:

"*Denegada* la inscripción del contrato de venta aquí contenido con vista de una copia de la escritura de sociedad número 42 otorgada el 29 de marzo de 1920 ante el notario de Yabucoa, Antonio Rodríguez y de una certificación suscrita mediante *affidavit* número 38 ante el notario F. González Jr., por los siguientes fundamentos: por no aparecer que se haya concedido poder expreso al socio Franco. Colón Caballero para que verifique la enajenación, cuya inscripción se solicita, pues las palabras 'El administrador representará a la sociedad en todos sus actos, podrá firmar a nombre de ésta todos los contratos, obligaciones y enajenaciones, constitución de derechos y gravámenes, podrá otorgar documentos, escrituras públicas y demás actos que se relacionen e indiquen y sean necesarios a la buena marcha de la sociedad,' contenidas en la cláusula quinta de la escritura de sociedad, no confieren al aludido socio tal poder expreso, ni puede ello inferirse de la certificación presentada porque tal acto debe hacerse constar por escritura pública; y por no acreditarse tampoco que los socios Francisco, Cristóbal, Carmen e Isaura Colón sean las únicas personas que representan al socio fallecido don Emilio Colón Berríos, todo de conformidad con lo dispuesto en el artículo 18 de la Ley Hipotecaria y 77 y 78 del Reglamento para la Ejecución de la misma y con lo que determinan los artículo 1226, 1597 y 1599 del Código Civil Revisado y las resoluciones contenidas en los tomos 20 D. P .R. 422 y 26 D. P. R. 51, *tomándose* en su lugar la anotación * * * haciéndose constar además como defecto subsanable el de no acreditarse el carácter y facultades del señor Martínez Domínguez para hacer el contrato a nombre de la corporación compradora."

1. Examinemos el primer defecto apuntado. De la escritura de sociedad comercial, industrial y agrícola otorgada el 29 de marzo de 1920 por Emilio Colón Berríos y Francisco, Cristóbal, Carmen e Isaura Colón Caballero, acompañada a la de compraventa, resulta que los otorgantes convinieron constituir dicha sociedad de acuerdo con el Código Civil y

la denominaron "Emilio Colón e Hijos, Limited." La escritura contiene varias cláusulas. La más importante a los fines de la resolución de la cuestión envuelta es la quinta, que dice así:

"*Quinta.*—La gerencia y administración de la sociedad estará a cargo exclusivo de uno de los socios, que será nombrado en la junta de socios de que más adelante se habla, quien tendrá todos los poderes y facultades inherentes a la administración y buen gobierno de esta sociedad. La sociedad celebrará reunión de sus miembros anualmente el día catorce de julio, y tantas veces cuantas sean necesarias, siempre que lo pida cualquiera de los socios, por escrito, al administrador, quien vendrá obligado a hacer las oportunas citaciones para tal efecto, debiendo las citaciones circular con cinco días de anticipación a la fecha de la reunión. Para tomar acuerdos, deberán estar presentes todos los socios personalmente o por delegación escrita y los acuerdos que se tomen serán por mayoría, salvo los casos previstos más adelante. El administrador representará a la sociedad en todos sus actos, podrá firmar a nombre de ésta todos los contratos, obligaciones y enajenaciones, constitución de derechos y gravámenes, podrá otorgar documentos, escrituras públicas y demás actos que se relacionen e indiquen y sean necesarios a la buena marcha de la sociedad. La sociedad llevará un libro de actas en que constarán los acuerdos que se tomen por la junta. El administrador tendrá como remuneración por su trabajo el diez y ocho por ciento de los beneficios líquidos, cantidad que se abonará a su favor en cada balance."

Se acompañó, además, a la escritura de venta una certificación expedida por el administrador de la sociedad creditiva de que "en la sesión extraordinaria celebrada el 29 de octubre de 1921 en la cual comparecieron los socios Francisco Colón, Carmen Colón, Cristóbal Colón e Isaura Colón, únicos socios de 'Emilio Colón e Hijos, Limited' quienes a su vez representan los derechos del socio fallecido don Emilio Colón Berríos, unánimemente se trató lo siguiente: vender la finca Monserrate radicada en el barrio Aguacate de Yabucoa, compuesta de 240 cuerdas de terreno de vega, por el precio más conveniente, autorizando a su administrador

y socio don Francisco Colón, para que efectúe la transacción y otorgue la correspondiente escritura al comprador que fuere.'' La certificación se expidió con arreglo al libro de actas de la sociedad y está jurada y firmada ante notario público por Francisco Colón, administrador de la sociedad.

A nuestro juicio la cláusula quinta de la escritura de sociedad, por sí sola, no es bastante para autorizar al administrador a vender la finca de que se trata. Un poder para administrar no lleva consigo la facultad de vender bienes inmuebles y el hecho de que el administrador esté autorizado para *firmar* a nombre de la sociedad las enajenaciones que ésta haga, no quiere decir que esté autorizado para vender los bienes inmuebles de la misma. Para ello, dados los términos del contrato social y la ley, y la jurisprudencia, se necesita el acuerdo expreso de la sociedad. Una vez tomado el acuerdo, claro es que sin necesidad de autorización especial, por virtud de lo acordado en la cláusula quinta, es el administrador el autorizado para representar a la sociedad y como tal representante firmar el contrato.

No estamos en condiciones de decidir el alcance de la certificación acompañada a la escritura. Por disposición expresa de la ley (artículo 3 de la Ley Hipotecaria,) para que puedan inscribirse los títulos que la misma ley determina en el registro, deberán estar consignados en escritura pública, ejecutoria o documento auténtico, expedido por autoridad judicial, o por el Gobierno o sus agentes en la forma que prescriban los reglamentos, y la certificación de que se trata, no obstante estar su firma reconocida ante notario, no es ninguno de los documentos exigidos. Los casos de *La Plata Tobacco Company* v. *El Registrador de Caguas,* 27 D. P. R. 957, y *De Jesús* v. *El Registrador de Caguas,* 27 D. P. R. 960, invocados por la recurrente, no son aplicables. Se refieren a corporaciones, bajo condiciones especiales.

2. En su alegato la recurrente admite que el segundo motivo de la nota está bien fundado, pero insinúa que se trata

simplemente de un defecto subsanable, pues está en condiciones de demostrar que los socios que tomaron el acuerdo de vender la finca son los únicos representantes del socio fallecido. Atendida la conclusión a que llegamos al analizar el primer motivo, se hace innecesario decidir si el defecto que se reconoce que existe es subsanable o no. Claro es que si lo alegado por la recurrente es cierto y así se prueba en debida forma, desaparecerá la objeción del registrador en este extremo.

3. En cuanto al defecto subsanable de no acreditarse el carácter y facultades del·representante de la corporación adquirente, nada se dice en el alegato y nada, por tanto, resolveremos. .

Por virtud de todo lo expuesto se confirma la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.