LÓPEZ ET AL., DEMANDANTES Y APELADOS, *v.* ORTIZ ET AL., DEMANDADOS Y APELANTES.

No. 3024.—*Visto:* Noviembre 22, 1923. *Resuelto:* Abril 2, 1924.

NULIDAD DE VENTA POR SIMULACIÓN—EXCEPCIÓN PREVIA DE INDEBIDA ACUMULACIÓN DE ACCIONES.—En el presente caso la teoría de la demanda de nulidad fué que dos de las demandadas eran concubinas o queridas del vendedor en los referidos traspasos y que cada una de estas concubinas se confabuló con dicho vendedor en vida de éste para defraudar a sus herederos legítimos, o sea los demandantes. *Se resolvió:* que aunque una excepción previa de indebida acumulación debió prosperar porque no se alegó confabulación entre las concubinas ni ninguna otra razón para incluir a una en la causa de acción contra la otra y viceversa; sin embargo, cuando el caso va a juicio y los demandantes tienen amplia oportunidad de ser oídos, la sentencia que procede dictarse es final en favor de los demandados a menos que la corte de apelación esté convencida de que los fines de la justicia requieren una resolución diferente y que debe darse a los demandantes otra oportunidad, cosa que no sucede en el presente caso.

ID.—PRUEBA DE LA SIMULACIÓN.—No demostrándose que la concubina del causante de los demandantes era insolvente en la fecha en que compró por escritura pública al primero por $300 de por mitad para sí y para los hijos naturales de ambos la finca cuya venta se trata de anular, ni que la venta se hizo por menor precio del que tenía la finca, no puede concluirse que la enajenación fué simulada, y menos cuando hubo prueba de que la compradora obtenía lucro de su trabajo personal a la fecha de la compra.

ID.—ID.—Cuando se pide la nulidad de una escritura de venta por ser simulada, la mera pobreza de la compradora en cualquier fecha no es suficiente para rebatir la presunción de que la manifestación contenida en la escritura es cierta, especialmente cuando la suma en cuestión es tan pequeña que no es más que de $100.

SENTENCIA de *A. Arroyo*, J. (Guayama), declarando con lugar la demanda en cuanto a varias causas de acción, sin costas. *Revocada.*

*C. Domínguez Rubio*, abogado de los apelantes; *M. A. Martínez*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los demandantes obtuvieron sentencia a su favor en la Corte de Distrito de Guayama. La sentencia declaraba que varias escrituras de venta eran nulas y sin ningún valor toda vez que fueron simuladas. La teoría de la demanda fue que dos de las demandadas eran concubinas o queridas del vendedor en los referidos traspasos y que cada una de estas concubinas se confabularon con dicho vendedor en vida de éste para defraudar a sus herederos legítimos, o sea los demandantes en este pleito. Tres fueron las nulidades que se trataron de obtener y la corte pronunció sentencia en favor de dos de éstas.

Entre otras objeciones los demandados formularon excepción previa a la demanda por el fundamento de indebida acumulación de acciones. Verdaderamente que no se alegó ninguna razón para incluir como partes a una u otra de estas dos mujeres en la causa de acción contra la otra. A ellas no se les imputó ninguna confabulación entre sí. La excepción previa debió haber sido sostenida por este fundamento. Sin embargo, la corte la declaró sin lugar y la causa o causas siguieron su trámite hasta la celebración del juicio.

La primera causa de acción alegaba un traspaso fraudulento o simulado a favor de Juana Ortiz Malavé y sus hijos; que no medió precio alguno en dicha escritura y que Juana Ortiz y sus hijos entonces eran insolventes. Hubo alguna prueba de que Juana Ortiz era insolvente cuando López se fue primero a vivir con ella. Parte de esta prueba no mereció crédito pues los testigos fueron vagos en sus declaraciones y no demostraron cómo adquirieron el conocimiento de esta insolvencia. En la escritura que fué otorgada algunos años después se consignaba que la consideración fue la suma de $300; $150 procedentes de dicha Juana Ortiz y $150 de sus hijos. Ellos eran hijos naturales reconocidos. Los demandantes no probaron que Juana Ortiz o

sus hijos no tenían las cantidades que se alegó tenían en la fecha de la escritura. Puede haber sospechas en sentido contrario pero una sospecha no es prueba. Juana Ortiz declaró que la propiedad primero se le regaló, pero que después ella la compró manifestando cómo consiguió el dinero. Ella declaró y por lo menos otro testigo dijo que ella trabajaba. En vista de la solemne declaración hecha en la escritura, de las manifestaciones de Juana Ortiz y las débiles pruebas de simulación no hubo prueba suficiente ante la corte para anular la escritura. Que parte de la consideración procede de regalos hechos por López no importa. No hubo ninguna prueba de que la propiedad valía más de la consideración expresada.

La escritura asimismo fue en parte a favor de los hijos naturales reconocidos. Una escritura a favor de ellos por tan pequeña cantidad podía sostenerse lo mismo que una escritura a favor de los herederos legítimos. No se pretende hacer la colación en este pleito.

Con respecto a la escritura a favor de Bonifacia Díaz la prueba de pobreza fue muy débil. La causa o precio de la escritura fue $100. La mera pobreza en cierta fecha u otra no es suficiente para rebatir la presunción de que la manifestación contenida en la escritura es cierta especialmente cuando la suma en cuestión es tan pequeña que no es más que de $100.

Bonifacia Díaz traspasó la finca de referencia a Dámaso Caraballo. La demanda alegaba la compra hecha por éste conociendo el traspaso fraudulento hecho a Bonifacia Díaz. Hemos examinado los autos cuidadosamente y no encontramos nada tendente a probar este conocimiento. No existe ninguna razón para anular el referido traspaso a favor de Dámaso Caraballo.

La excepción previa de indebida acumulación de acciones debió haber sido declarada con lugar. Sin embargo cuando el caso va a juicio y los demandantes tienen amplia

oportunidad de ser oídos la sentencia que procede dictarse es final en favor de los demandados a menos que la corte de apelación esté convencida de que los fines de la justicia requieren una resolución diferente y que debe darse a los demandantes otra oportunidad. La corte está convencida de lo contrario debiendo por consiguiente dictarse sentencia en favor de los demandados.

*Revocada la sentencia apelada y desestimada la demanda, sin costas.*