Andres Armando **RAMOS IRIZARRY**,
Plaintiff,

v.

Fernando **RIVERA VARELA**,
et al., Defendants.

No. CIV. 97–1049(RLA).

United States District Court,
D. Puerto Rico.

July 20, 1999.

Jose Alberto Sosa–Llorens, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Plaintiff.

Charles E. Fitzwilliam, Santurce, Jose O. Vazquez–Garcia, Goble & Guzman, San Juan, PR, for Defendant.

***ORDER GRANTING SUMMARY JUDGMENT ON POWER OF ATTORNEY ISSUE DISMISSING BREACH OF CONTRACT AND DAMAGES CLAIMS AND SCHEDULING SETTLEMENT CONFERENCE***

ACOSTA, District Judge.

This suit arose from the sale of a property inherited by three (3) siblings, AN-

DRES ARMANDO, ANGEL ALEXIS and ANGELA ARAMINTA RAMOS–IRIZARRY. Plaintiff, ANDRES RAMOS–IRIZARRY, claims that a farm, a part of their inheritance, was sold by his sister without his consent and petitions the Court to enter a declaratory judgment finding the transaction null and void. In the alternative, plaintiff demands resolution of the sales contract arguing that the buyers breached the terms of the agreement by failing to timely pay the outstanding balance. Additionally, plaintiff seeks compensation for personal damages allegedly resulting from the transaction as well as damages to the property in question.

All parties to the proceedings have moved for summary disposition of the claims. It appearing that no triable issues of material fact remain outstanding, we proceed to dispose of the motions as follows. *Dykes v. Depuy*, 140 F.3d 31 (1st Cir.1998).

### THE FACTS

The following facts are not in dispute.

In **1962** plaintiff relocated to Maryland where he has continued to reside uninterruptedly.

In **1968** the RAMOS–IRIZARRY's mother died.

In **1981** the RAMOS–IRIZARRY's father died.

On **October 24, 1981** plaintiff gave his sister, ANGELA, a power of attorney.

On **June 17, 1995** ANGELA, on behalf of ANDRES and on her own behalf and her brother ANGEL, appearing on his own behalf, sold a property of the estate located in Barceloneta, Puerto Rico to co-defendants FERNANDO RIVERA–VARELA and his wife, YALIXA CRUZ–ROSADO, by way of a written contract.

The sales price was $125,000.00, part of which, i.e., $75,000.00 was paid to the RAMOS–IRIZARRY on **June 17, 1995.**

On or about **June 29, 1995** plaintiff received a check in the amount of $25,000.00 corresponding to his share of the sale together with copy of the sales contract both of which were forwarded by his sister.

Plaintiff's check was accompanied by a transmittal note signed by ANGELA advising her brother that the farm had been sold and referring him to the attached sales contract for the details.

On **July 19, 1995** a deed was executed before a notary public formalizing the previous sale. Again ANGELA appeared on her own behalf and on behalf of her brother ANDRES pursuant to the power of attorney given to her in 1981.

The parties agreed that the balance of the sales price, i.e., $50,000.00 was due on or before **January 1996.**

The sellers committed themselves to carry out all legal and administrative steps to have the property recorded in the Registry of Property.

On **July 20, 1995** plaintiff sent a letter to his sister complaining of the fact that the sale had been executed without his prior knowledge and consent. Plaintiff indicated that he was also addressing this matter to MR. VIVONI, the notary public who had executed his power of attorney.

On **July 20, 1995** plaintiff wrote to notary public VIVONI requesting information regarding the sale and disavowing his consent to the same.

On **November 22, 1995** plaintiff wrote to MR. & MRS. RIVERA–VARELA, the purchasers, inquiring as to when they intended to make the second [and final] installment of the purchase price.

On **November 22, 1995** plaintiff responded to a letter from MR. VIVONI and requested "copies of any and all documents which purport to be such a power of attorney".

Plaintiff revoked his 1981 power of attorney through a deed executed on **January 4, 1996.**

On **March 18, 1996** plaintiff, through his counsel, wrote to MR. & MRS. RIVERA–

VARELA advising that the sale was null and void and that he (plaintiff) had not cashed the check corresponding to his interest in the sale.

### PROCEDURAL BACKGROUND

Plaintiff instituted these proceedings on **January 15, 1997.** COUNT ONE of the complaint seeks a declaratory judgment to the effect that the plaintiff never consented to the sale and therefore, the farm remains joint property of the RAMOS–IRIZARRY siblings. In the alternative, COUNT TWO prays for the resolution of the contract because, even assuming that the sale was validly conducted, MR. & MRS. RIVERA–VARELA "are in breach of contract since the [sic] they did not tendered [sic] the full Purchase Price for the Property before 'January 1996'". Complaint ¶ 48.

The complaint also prays for damages to the property and for plaintiff's own mental anguish estimated at $100,000.00.

### POWER OF ATTORNEY

The power of attorney given by plaintiff in this case is governed by the agency provisions of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 4421 *et seq.* See *Zarelli v. Registrador,* 124 D.P.R. 543 (1989) (Puerto Rico law applicable to contract regardless of domicile of principal executing the power of attorney or its place of execution if it involves real property located in the Island.) Pursuant to § 4425, the authority of an agent to "execute any... act of strict ownership" including the right to sell or mortgage property of the principal, must be specifically conferred in the agency contract.

 Agency contracts must be strictly construed by examining, on a case to case basis, the particular terms, agreements and conditions found in each particular document. *Laborde v. Toro,* 23 D.P.R. 92, 96 (1915). Further, the words used by the principal shall be given their ordinary meaning. *Sucs. De Andreu &*

*Co. v. Registrador,* 20 D.P.R. 421, 423, 1914 WL 5106 (1914).

According to plaintiff, the authority granted to his sister through the power of attorney was limited to "resolv[ing] certain testamentary issues contemporaneous with the settlement of [his father's] estate." Complaint ¶ 25

The power of attorney executed by plaintiff in 1981 "CONFERS [a] SPECIAL POWER OF ATTORNEY, as ample and broad as necessary" for his sister to carry out the following acts regarding plaintiff's assets:

——(a) To represent me during the entire process and the efforts leading to the liquidation of the **assets of the estate of (sic) the death of my parents** . . . .

——(b) To represent and make all efforts necessary to liquidate the **community of assets in which there participate (sic) the deceased MRS. ROSALVA IRIZARRY VELEZ and MR. ANDRES RAMOS FERNANDEZ** [parents]. . . .

——(c) If necessary, to appear to sell... and in general to conduct all of the acts and alienations which the mandator [principal] has to carry out. . . .

——(d) To ratify, approve and grant [execute] all kinds of public and private documents on behalf of the mandator [principal].

——(e) To **divide communities where the mandator [principal] may have an interest** and to that effect receive whatever may correspond to him. . . .

(Emphasis ours).

 Reading the document in its entirety, it appears that ANGELA's authority to act on plaintiff's behalf was limited to matters related to her parent's estate. The references to "assets" and "community(ies)" in the deed, when examined in their proper context, clearly pertain to plaintiff's yet undetermined rights over all property of the estate because their parents' capital had not yet been transferred

to them as heirs. As plaintiff correctly points out, once title to the farm passed on to its individual members it was no longer part of the estate but rather the three (3) RAMOS–IRIZARRY siblings became co-owners of the piece of land in equal shares. *See Rivera Esbri v. Archevald,* 83 D.P.R. 604, 1961 WL 13783 (1961) (explaining difference between the right to an undetermined quota of all property of the estate and title to a **specific share** in a particular parcel of land which was previously part of the estate).

■ Based on the foregoing, under the terms of the aforementioned power of attorney ANGELA did not have authority to represent her brother at the sale inasmuch as at that point in time the farm was no longer property of the RAMOS–IRIZARRY estate. Further, absent the principal's consent, her action was null[1] pursuant to P.R. Laws Ann. tit. 31, § 3376 (1990) which provides:

> No one can contract in the name of another without being authorized by him or without having his legal representation according to law.

> A contract executed in the name of another by one who has neither his authorization nor legal representation shall be void, unless it should be ratified by the person in whose name it was executed before being revoked by the other contracting party.

However, the inefficacy of ANGELA's representation at the sale is necessarily limited to plaintiff's share in the property in question. Both ANGELA and ANGEL were empowered to sell their respective percentages of participation in the farm since, pursuant to P.R. Laws Ann. tit. 31, § 1278,[2] each co-owner is free to dispose of his/her rights in property held in common.[3] Additionally, no individual member may force the others to remain in joint ownership; any member may force its division. *See id.* § 1279 ("No part owner shall be obliged to remain a part to the common ownership.")

Based on the foregoing, in accordance with *id.* § 3514,[4] the only relief available to plaintiff in this case is limited to the return of his participation as co-owner of the property in the same percentage previously held with his brother and sister. However, because the purchasers entered into an agreement to buy the entire property in question, it is their prerogative to have the contract declared null and void altogether based on an "error over the object of the contract" *id.* § 3405. On the other hand, MR. & MRS. RIVEAR–VARELA may elect to ratify their ownership of two-thirds of the property and thereby remain as co-owners of the farm along with plaintiff. *See id.* §§ 3520 to 3524.

## BREACH OF CONTRACT

The complaint asserts an alternative claim for breach of contract against the

---

1. Defendants argue that any defect in ANGELA's authority was subsequently corrected because plaintiff purportedly ratified the sale. However, the uncontested evidence does not support this view. Plaintiff never cashed his check. Further, the letter inquiring from the buyers when they intended to satisfy their debt, dated **November 22, 1995,** cannot be construed as acquiescence to the sale when read in conjunction with his conduct at the time. Plaintiff consistently disavowed his consent to the sale through the correspondence with his sister as well as with the notary public since **July 20, 1995.**

2. In pertinent part, § 1278 provides that "[e]ach one of the part-owners [of a property] shall have the absolute ownership of his

part... and he may, therefore, sell... such part...."

3. Once property of the estate is adjudicated to its members, the principles applicable to "comunidad de bienes" displace the particular provisions dealing with common ownership of the estate. *See Rivera Esbri,* 83 D.P.R. at 612–15 (explaining difference between "retracto de heredero" and "retracto de comunero").

4. In pertinent part, § 3514 reads:
 When the nullity of an obligation has been declared, the contracting parties shall restore to each other the things which have been the object of the contract with their fruits, and the value with its interest....

purchasers for purportedly failing to pay the balance of the sales price. The Court having voided the sale of plaintiff's participation over the property, this claim has become moot and is therefore, **DISMISSED.**

## DAMAGES

Plaintiff having expressly waived any claim for damages during the taking of his deposition [tr. 54–8], the claim for damages asserted in the complaint is also **DISMISSED.**

## CONCLUSION

Based on the foregoing, the dispositive motions filed by the parties are hereby disposed of as follows:

The Motion for Summary Judgment, filed by plaintiff (docket No. 67)[5] is **GRANTED** insofar as declaring null and void the sale of plaintiff's ownership over the farm.

The Motion to Dismiss, filed by MR. & MRS. RIVERA–VARELA (docket No. 54) is **DENIED.**[6]

The Motion for Summary Judgment, filed by ANGELA (docket No. 61) and the Motion for Summary Judgment, filed by ANGEL (docket No. 62) are **DENIED.**[7]

### SETTLEMENT CONFERENCE

It appearing that the parties have options available which would affect the outcome of this litigation, a SETTLEMENT CONFERENCE is hereby set for August 25, 1999 at 10:30 a.m.

It is further ORDERED that the parties shall meet on or before August 13, 1999 to discuss their respective alternatives in this action and attempt to reach an agreement.

The parties are admonished that failure to comply with the terms of this Order shall result in the imposition of sanctions including but not limited to the imposition of sanctions against counsel personally.

IT IS SO ORDERED.

---

5. *See also* Response by MR. & MRS. RIVERA–VARELA (docket No. 68); Response by ANGELA (docket No. 69); plaintiff's Reply (docket No. 70); Sur-reply by MR. & MRS. RIVERA–VARELA (docket No. 71) and Sur-reply by ANGELA (docket No. 72).

6. *See also* plaintiff's Response (docket No. 55); petitioners' Reply (docket No. 56) and plaintiff's Sur-reply (docket No. 57).

7. *See also* plaintiff's Response (docket No. 63); petitioners' Reply (docket No. 64) and plaintiff's Sur-reply (docket No. 65).