SANTINI FERTILIZER Co., INC., demandante y apelada, *v.* FRANCISCA BURGOS, Y ELEUTERIO Y OCTAVIO HERNÁNDEZ BURGOS, demandados y apelantes.

No. 3706.—*Visto:* Diciembre 3, 1925. *Resuelto:* Enero 22, 1926.

1. TRASPASOS FRAUDULENTOS — TRASPASOS Y ENAJENACIONES NULOS — CAUSA O CONSIDERACIÓN—ENAJENACIONES VERIFICADAS POR LOS PADRES A FAVOR DE LOS HIJOS O *Vice Versa*—ENAJENACIONES A TÍTULO GRATUITO—PRESUNCIÓN.— En las enajenaciones en que el vendedor recibe el precio en el acto del otorgamiento de la escritura, si el notario no da fe expresa y claramente de que la entrega del precio se hizo ante él, el contrato tendrá la presunción de haber sido otorgado a título gratuito en caso de que un acreedor vendedor solicitase su rescisión, a menos que se pruebe que el precio fué entregado.

2. Traspasos Fraudulentos—Remedios de Acreedores y Compradores—Evidencia—Suficiencia de la Misma—Insolvencia del Deudor. — Como el hecho de una persona enajenar todos los bienes inmuebles a título gratuito, habiendo deudas, levanta la presunción de fraude para perjudicar a los acreedores, cualquiera otra prueba, por ligera que sea, es suficiente para llegar a la conclusión, en acción ejercitada para rescindir el contrato de venta, de que la deudora era insolvente.

3. Sentencia — Finalidad de la Adjudicación — Cuestiones Determinadas— Cuestiones Levantadas que Están en Controversia (*Issue*)—Cuestiones Previamente Litigadas y Resueltas.—Si bien un miembro de una sociedad civil no está obligado solidariamente por las deudas de la sociedad, cuando existe sentencia firme condenándole a pagar solidariamente las obligaciones que dicha sociedad suscribió a favor de otro, cualquiera que sea el error de esa sentencia es ya cosa juzgada y no puede luego alegar que no sea tal deudor solidario.

4. Alegaciones (*Pleadings*)—Alegaciones Enmendadas y Complementarias y Nuevas Alegaciones (*Repleader*)—Demandas Complementarias—En General.—Presentada una demanda complementaria sin permiso de la corte inferior, debe solicitarse su eliminación, y no haciéndose así, no puede luego alegarse que dicha demanda no tiene valor ni efecto alguno en la acción.

5. Sentencias—Confusión (*Merger*) y Exclusión (*Bar*) de Causas de Acciones y Defensas—Causas de Acción y Defensas Confundidas, Excluidas o Resueltas—Cuestiones Adjudicadas por Sentencia Como *Merger*—Su Efecto.—Cuando por sentencia dictada en otro pleito se condena a una persona a pagar solidariamente el importe de obligaciones que motivan otra acción, las obligaciones reclamadas en ésta se esfuman en la sentencia del primer pleito y el demandante en la segunda acción no tiene que probar que le eran debidas solidariamente, independientemente de dicha sentencia.

6. Alegaciones (*Pleadings*)—Alegación o Contestación, Contra-Demanda y Affidavits de Defensa (de Méritos)—Objeciones (*Traverses*) o Negaciones y Admisiones—Omisión de Negar Alegaciones y su Efecto—Admisiones.—Cuando en acción para rescindir un contrato de venta por haberse verificado en fraude de acreedores se alega en un hecho de la demanda jurada, entre otras cosas, que los compradores tenían conocimiento de las deudas del vendedor cuando se otorgó el contrato, y la contestación se limita a negar los otros extremos de la alegación, y no niega que los compradores tuvieran conocimiento de las deudas del vendedor, el demandante no tiene que probar ese extremo de su alegación.

7. Sentencia—Alegación y Prueba de la Sentencia Como Impedimento (*Estoppel*) o Defensa—Sentencia Como Prueba—Identificación de Cuestiones en Litigio que ya Han Sido Litigadas y Resueltas.—Cuando una persona ha sido condenada por sentencia a pagar solidariamente ciertas obligaciones suscritas por una sociedad civil de que era miembro, y la sentencia es por ella consentida, dicha sentencia es prueba de que aquélla era deudora solidaria de dichas obligaciones.

8. Traspasos Fraudulentos—Remedios de Acreedores y Compradores—Personas con Derecho a Sostener la no Validez de Aquellos—Acreedores.— Verificada una venta en fraude de un crédito, el acreedor tiene derecho a solicitar la rescisión de dicha venta independientemente de la cuantía de la enajenación que se rescinde.

9. Traspasos Fraudulentos— Remedios de Acreedores y Compradores— Derecho de Acción para Anular la Enajenación y Defensas—Terceros Compradores.—Si la rescisión decretada de un contrato de venta perjudica o nó a un tercero, es cuestión que sólo incumbe a éste y no es defensa de los demandados en dicha acción rescisoria.

Sentencia de *Pablo Berga*, J. (Humacao), declarando con lugar la demanda de rescisión de contrato, con costas. *Confirmada.*

*Luis Pereyó Quiñones* y *González Fagundo & González, Jr.*, abogados de los apelantes; *Enrique Rincón Plumey*, abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Santini Fertilizer Co., Inc., demandó a Francisca Burgos y a sus dos hijos Eleuterio y Octavio Hernández Burgos solicitando la rescisión de un contrato por el que Francisca Burgos vendió a sus dichos hijos varios bienes inmuebles y con tal fin alegó que en 1921 existía la sociedad civil agrícola Burgos y Ortiz, dedicada a la siembra de cañas de azúcar en terrenos de Francisca Burgos y de la sucesión de José Hernández, de la que formaban parte los demandados, siendo el otro socio de la Burgos su yerno Juan Ortiz, fallecido al presentarse la demanda: que en ese año la sociedad Burgos y Ortiz por su socio Juan Ortiz compró abono a la demandante y para su pago le suscribió dos pagarés con obligación solidaria, vencederos en junio y agosto de 1922; que Juan Ortiz murió sin dejar bienes de ninguna clase, los que tampoco tiene la firma social: que Francisca Burgos, deudora solidaria de las obligaciones dichas y sus dos hijos demandados, quienes tenían conocimiento de la deuda de su madre, otorgaron escritura pública en 6 de noviembre de 1922 por la que la madre enajenó a favor de sus citados dos hijos a título gratuito y en fraude de acreedores todos sus bienes, apareciendo así insolvente por no tener después de esa escritura bienes de ninguna clase, careciendo la demandante de otra acción que la presente para hacer efectivo su crédito contra ella. Después en una demanda complementaria alegó que había obtenido sentencia firme a

su favor condenando a Francisca Burgos como deudora solidaria a pagarle el importe de las obligaciones mencionadas, sentencia que no ha sido satisfecha.

Contestaron los demandados y después de haber presentado su prueba la demandante alegaron aquéllos que no era suficiente para dictar sentencia en su contra y solicitaron que la demanda fuera desestimada (*nonsuit*), pero fué negada esa pretensión y no habiendo presentado prueba los demandados, recayó sentencia declarando rescindido ese contrato de compraventa y fué interpuesta esta apelación.

Para sostener su recurso alegan los demandados que la corte cometió error al declarar sin lugar su petición de sobreseimiento (*nonsuit*) y al dictar sentencia declarando con lugar la demanda.

[1] Una de las razones expuestas por los apelantes para el primer motivo de error es que no se ha probado que el contrato haya sido otorgado a título gratuito por haber mediado precio según la escritura, dando fe de ello el. notario.

En una de las cláusulas de esa escritura se dice "que de los $13,528.62 precio de la venta se reservaban los compradores $6,600 para satisfacer gravámenes hipotecarios de una de las fincas y que los restantes $6,928.62 los confiesa recibir la vendedora en este acto de sus compradores de por mitad cada uno y por los cuales le otorgan carta de pago.'' Y al final de la escritura dice el notario: "Leí esta escritura a otorgantes y testigos por renuncia que hicieron de su derecho, del que les advertí tenían, de lo cual y de todo lo consignado yo el notario doy fe.''

Dispone nuestro Código Civil en su artículo 1264 que. se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajena bienes a título gratuito, precepto que es igual al artículo 1297 del Código Civil español del que procede el nuestro: y en el artículo 40 de la Ley Hipotecaria, que el Tribunal Supremo de España relacionó con el citado del Código Civil en su sentencia de febrero 20 de 1899, Jurisprudencia Civil, tomo

86, página 328, se declara que se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no dé fe de su entrega, o si confesando los contratantes haberse ésta verificado con anterioridad no se justificare el hecho. De estos preceptos se deduce que es de gran importancia en las enajenaciones que si los vendedores reciben el precio en el momento de otorgarse la escritura el notario haga constar que da fe de que la entrega del precio ha sido hecha ante él, pues si no lo hace así el contrato tendrá la presunción de haber sido otorgado a título gratuito en caso de que algún acreedor del vendedor solicitase su rescisión, a menos que se pruebe que el precio fué entregado. Por esto el notario debe dar fe expresa y claramente de que la entrega del precio se hizo ante él.

En este caso se dice en la escritura que el dinero lo confiesa recibir la vendedora en dicho acto pero el notario no da fe de que tal entrega se hizo ante él, y si bien es cierto que al final de la escritura el notario manifiesta que da fe de todo lo consignado en la misma, esto, a lo sumo, equivale a dar fe de que la vendedora confesó recibir el precio en aquel acto pero no de que tal entrega fué hecha ante el notario, por lo que tenemos que concluir que dicha venta tiene la presunción de haber sido hecha por la madre a sus dos hijos a título gratuito. Por consiguiente, de la escritura presentada por la demandante resulta probada la presunción de que el contrato fué celebrado a título gratuito, sin que los demandados hayan presentado evidencia para destruir tal presunción.

[2] Exponen también los apelantes que siendo la acción rescisoria subsidiaria y no pudiendo ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio, según dispone el artículo 1261 del Código Civil, ha debido probar la demandante la insolvencia de los demandados y no lo ha hecho, porque si bien de certificaciones que presentó en el juicio libradas por el Tesorero de Puerto Rico y por el registrador de la

propiedad resulta que Francisca Burgos no tiene bienes inmuebles, no ha probado que carezca de bienes muebles ni de dinero en los bancos.

Se probó en el juicio con la declaración de Andrés Quintana Reyes que la sociedad Burgos y Ortiz no tiene bienes y que tampoco el socio Juan Ortiz dejó bienes algunos a su muerte; y en cuanto a Francisca Burgos, como el hecho de haber enajenado todos sus bienes inmuebles a título gratuito a favor de sus dos hijos, teniendo deudas, levanta en su contra la presunción de fraude para perjudicar a sus acreedores, cualquiera otra prueba por ligera que sea será suficiente para llegar a la conclusión de que es insolvente, y por esto la declaración del mismo Sr. Quintana de que no ha podido hacerse efectiva la sentencia que la demandante obtuvo contra Francisca Burgos por no haber bienes puede estimarse bastante para con la otra prueba de la escritura llegar a la conclusión de que fué probada la insolvencia de la vendedora.

[3] Otra razón expuesta por los apelantes es que Francisca Burgos como miembro de la sociedad civil Burgos y Ortiz no está obligada solidariamente por las deudas de la sociedad según el artículo 1600 del Código Civil, pero como existe una sentencia firme condenando a Francisca Burgos a pagar solidariamente a Santini Fertilizer Co., Inc., las obligaciones que le suscribió la sociedad Burgos y Ortiz, cualquiera que sea el error de esa sentencia es ya cosa juzgada y no puede alegar que no sea deudora solidaria. Con respecto a esa sentencia dicen también los apelantes que nada importa ella porque la acción de rescisión se funda en las dos obligaciones alegadas en la demanda y no en la sentencia, por lo que ha debido probarse que Francisca Burgos estaba obligada al pago de las mismas y que no tiene valor alguno ni surte efecto en este pleito dicha sentencia porque la demanda complementaria en que se alega fué presentada sin solicitar permiso de la corte.

[4, 5] Si la demanda complementaria fué presentada sin

permiso de la corte inferior, debieron entonces los apelantes haber solicitado que por ese motivo fuese eliminada del pleito pero no habiéndolo hecho no pueden ahora alegar que no tiene valor alguno: y en cuanto al otro extremo de lo manifestado por los apelantes, puesto que la sentencia condena a Francisca Burgos a pagar a Santini Fertilizer Co., Inc., solidariamente el importe de las dos obligaciones que motivan esta demanda, se esfumaron en la sentencia las obligaciones reclamadas y la demandante no tenía que probar que le eran debidas solidariamente, independientemente de dicha sentencia.

[6] Con respecto a no haberse presentado evidencia de que los compradores tenían conocimiento de las deudas de su vendedora cuando se otorgó la escritura de venta, nos bastará decir que habiéndose alegado en la demanda jurada que los compradores tenían conocimiento de la deuda de su madre Francisca Burgos cuando el 6 de noviembre de 1922 otorgaron la escritura por la que la madre enajenó a favor de sus dos hijos a título gratuito todos sus bienes a fin de aparecer insolvente, la contestación jurada se limitó a negar de esa alegación que la venta fuera hecha a título gratuito, en fraude de acreedores y con el fin de que la enajenante apareciera insolvente, sin negar que los hijos tuvieran conocimiento de las deudas de su madre, por lo que la demandante no tenía que probar ese hecho.

[7] En apoyo del segundo motivo del recurso, fundado en que se cometió error al declarar con lugar la demanda, se alega que cuando Santini Fertilizer Co., Inc., estableció su demanda de rescisión no era acreedora de Francisca Burgos porque ésta no había suscrito obligación alguna a su favor, por lo que los compradores no podían tener conocimiento de deuda alguna que le impidiera realizar la compra y que por no ser acreedora la demandante no tenía acción para solicitar la rescisión de dicha venta. En contestación a lo expuesto nos bastará decir que la sentencia consentida por Francisca Burgos es prueba de que ella era deudora

solidaria de las obligaciones que la sociedad Burgos y Ortiz suscribió a favor de la demandante, que estaban vencidas cuando hizo la venta.

[8] Se dice además, que la deuda que se pretende cobrar es de unos $1,000 y que la rescisión de que se trata es de una venta por $13,000, lo que es anómalo porque el derecho del demandante no puede pasar de aquella cantidad. Cierto es que el demandante sólo podrá cobrar lo que se le debe pero también lo es que habiéndose verificado la venta en fraude de su crédito la ley le da el derecho de solicitar la rescisión de la venta hecha en su perjuicio independientemente de la cuantía de la enajenación que se rescinde.

[9] Por último alegan los apelantes que apareciendo del registro de la propiedad que una de las fincas ha pasado a poder de tercera persona, que no es parte en este pleito, en virtud de venta que le hicieron los hermanos demandados, no procede declarar la rescisión del contrato en su totalidad. Si la rescisión decretada ha de perjudicar o nó a esa tercera persona, es cuestión que a ella incumbe y no es defensa de los demandados en esta acción.

*Por las razones expuestas la sentencia apelada debe ser confirmada.*