Antonio Lebrón, tercerista y apelante, *v.* F. Fresno & Co., S. en C., y José Fuentes Valle, demandados y apelados.

No. 4459.—*Sometido:* Junio 14, 1929. *Resuelto:* Julio 15, 1929.

*F. Gallardo Díaz,* abogado del apelante; *González Facundo & González, Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En pleito de F. Fresno y Co., contra José Fuentes del Valle fué embargada una casa al demandado. Establecido pleito de tercería por Antonio Lebrón para que ese embargo fuese levantado por haber comprado esa casa, la corte inferior en grado de apelación dictó sentencia declarando sin lugar la demanda y fué interpuesta esta apelación.

La corte inferior fundó su sentencia en el caso de *Santini Fertilizer Co. contra Burgos,* 34 D.P.R. 869, en el que dijimos lo siguiente:

"Dispone nuestro Código Civil en su artículo 1264 que se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajena bienes a título gratuito, precepto que es igual al artículo 1297 del Código Civil español del que procede el nuestro: y en el artículo 40 de la Ley Hipotecaria, que el Tribunal Supremo de España relacionó con el citado del Código Civil en su sentencia de febrero 20 de 1899, Jurisprudencia Civil, tomo 86, página 328, se declara que se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no dé fe de su entrega, o si confesando los contratantes haberse ésta verificado con anterioridad no se justificare el hecho. De estos preceptos se deduce que es de gran importancia en las enajenaciones que si los vendedores reciben el precio en el momento de otorgarse la escritura el notario haga constar que da fe de que la entrega del precio ha sido hecha ante él, pues si no lo hace así el contrato tendrá la presunción de haber sido otorgado a título gratuito en caso de que algún acreedor del vendedor solicitase su rescisión, a menos que se pruebe que el precio fué entregado. Por esto el notario debe dar fe expresa y claramente de que la entrega del precio se hizo ante él."

Para sostener su recurso el apelante alega que dicha doc-

trina es contraria al artículo 102, No. 38, de la Ley de Evidencia, posterior al Código Civil, según el cual es presunción disputable y puede controvertirse mediante otra evidencia "que al efectuarse un contrato escrito medió la correspondiente compensación." Esta presunción de la Ley de Evidencia de 1905 no es nueva en nuestras leyes pues el Código Civil vigente desde 1902 en su artículo 1244, y lo mismo el precedente Código Civil Español, contiene igual presunción al declarar que aunque la causa no se exprese en los contratos se presume que existe y que es lícita mientras el deudor no pruebe lo contrario. De suerte que para el código se presume que todo contrato tiene causa y que es lícita, a menos que esa presunción sea destruida por prueba en contrario; y sin embargo estableció una excepción a esa regla general al disponer en su artículo 1264 que se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito, precepto que es igual al contenido en el artículo 1297 del Código Civil español y que el Tribunal Supremo de España en su sentencia de 20 de febrero de 1899 ha relacionado con el artículo 40 de la Ley Hipotecaria para llegar a la conclusión, que también hemos hecho nosotros, de que se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no dé fe de la entrega o si confesando los contratantes haberse ésta verificado con anterioridad no se justificare el hecho, que es lo que dice la Ley Hipotecaria en el artículo citado. Los preceptos citados del Código Civil y de la Ley Hipotecaria demuestran un sistema con respecto a contratos como el que motiva este recurso y no ha sido alterado por la Ley de Evidencia que nada nuevo dice en el artículo citado, substancialmente igual al 1244 de nuestro Código Civil. Y que ese sistema es justo y es sabio es de verse al considerar la dificultad en casos de ventas fraudulentas de que las personas a quienes perjudiquen

prueben afirmativamente una negativa, esto es, que en determinado contrato no medió causa o consideración; y al examinar lo ocurrido en el caso de Félix García Dávila contra El Banco Popular, resuelto hace pocos días, en el que resultó un completo fracaso la prueba del demandante respecto a haber mediado causa en su contrato de compra.

Los otros dos motivos del recurso giran sobre la cuestión antes resuelta.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison disintió.