RAFAEL VÁZQUEZ SEBAS, antes, hoy sus sucesores subrogados RAFAEL-TEODORO, JUANA-MARÍA y JULIA-LUCÍA-CRISTINA VÁZQUEZ ANQUEIRA, demandantes y apelantes, *v.* EULOGIO-DIMAS y JOSEFINA-DOLORES RIERA BENGOECHEA y JOSEFINA B. MACÍAS VDA. DE RIERA, demandados y apelados.

Núm. 7237.—*Sometido:* Abril 20, 1937. *Resuelto:* Abril 29, 1938.

*Angel A. Vázquez,* abogado de los apelantes; *Daniel Pellón,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En enero 28, 1933, José L. Soto, Márshal de la Corte Municipal de San Juan, Sección Segunda, con la ayuda de algunos hombres, desbarató y demolió una casa de madera situada en el número 40 de la calle Pelayo, hoy Nolasco Rubio, del barrio de Puerta de Tierra. Este proceder drástico fué tomado bajo la autoridad de una orden de ejecución librada por el secretario de dicha corte en diciembre 20 de

1932 (a tenor de una sentencia de desahucio de 23 de marzo de 1932), dictada a favor de Eulogio Dimas y Josefina Dolores Riera y Bengoechea y su madre Josefina B. Macías viuda de Riera, contra Ramón Echavarry y Francisca Alfonso Marrero, interventora. La sentencia arriba citada fué dictada en el caso núm. 12,180 de la corte municipal. En adelante nos referiremos a los demandantes en dicho caso como ''los Riera.''

Como resultado de la destrucción de la casa mencionada, Rafael Vázquez Sebas instó demanda de daños y perjuicios contra los Riera, alegando que al tiempo en que el márshal procedió, él era dueño del título de la casa y que esto lo sabían los Riera. En su demanda Vázquez Sebas alega que por escritura notarial de diciembre 13, 1932, él adquirió la casa en cuestión de Francisca Alfonso Marrero; que por carta de diciembre 20 del mismo año él notificó a los Riera por mediación de su apoderado, Sr. Antonio B. Macías, de la compra; que a pesar de todo esto la casa, sin notificarse al aquí demandante, fué más tarde destruída por el márshal en el procedimiento de desahucio contra Echavarry y la persona de quien él adquirió, Francisca Alfonso; y que el decreto de la corte municipal no ordenaba expresamente dicha demolición. Vázquez Sebas también alegó que la casa valía $1,800 y que las rentas de que se le había privado, hasta la fecha de la radicación de la demanda, montaban a $120. Este pleito fué iniciado el 21 de junio de 1933.

La contestación de los demandados negaba el título del demandante a la casa y alegaba afirmativamente que la venta efectuada por Francisca Alfonso Marrero a Rafael Vázquez Sebas fué simulada y llevada a cabo con el propósito fraudulento de impedir la ejecución de la sentencia obtenida por los demandados en el pleito núm. 12,180, supra. El segundo párrafo trata de negar el supuesto valor de la casa y niega la existencia de cualesquiera rentas procedentes de la misma. Los demandados insistieron en la legalidad y regularidad del procedimiento en cuya virtud se destruyó la casa.

En octubre 2, 1934, Rafael Vázquez Sebas fué sustituído debidamente como parte demandante por sus herederos Rafael Teodoro, Juana María y Julia Lucía Cristina Vázquez Anqueira. Éstos son los aquí apelantes.

La Corte de Distrito de San Juan dictó sentencia a favor de los demandados, sin costas. Contra esa sentencia es que se ha interpuesto el presente recurso de apelación, y se señalan cinco errores.

Tenemos que ver principalmente con la determinación de si Rafael Vázquez Sebas obtuvo un título bona fide de la casa en cuestión, y si lo obtuvo, si ese hecho por sí solo, en vista de todas las otras circunstancias, debe otorgarle los derechos que ahora trata de hacer cumplir en este litigio.

Por la importancia que en definitiva pueda tener, es conveniente revisar todos los procedimientos litigiosos que precedieron a este caso. La demanda en el pleito de desahucio fué radicada en enero 11 de 1932. El día 25 de ese mismo mes, Francisca Alfonso Marrero radicó demanda de intervención en dicho pleito, alegando que era dueña de la casa enclavada en el solar de los allí demandantes. La Corte Municipal de San Juan, con fecha 23 de marzo de 1932, dictó sentencia en favor de los demandantes, declaró sin lugar la demanda de intervención y ordenó al secretario que expidiera un mandamiento dirigido al márshal "para que en caso de que los demandados no procedan a dejar libre y expedito el citado solar de la casa que enclava en el mismo, se proceda por dicho márshal entonces a desahuciar al demandado Ramón Echavarry y a la interventora doña Francisca Alfonso Marrero, si esta última estuviera allí en el solar, y a dejar el mismo libre y expedito removiendo la casa que se encuentre en el mismo. . ." Los demandados apelaron de esa sentencia, y la apelación fué desestimada por la corte de distrito en abril 30, 1932. Un *certiorari* contra la corte municipal fué igualmente declarado sin lugar por la corte de distrito el mismo día. La interventora Francisca Alfonso Marrero apeló para ante este tribunal de la resolución que se

negó a expedir el *certiorari* y dicha apelación fué desestimada por este tribunal el 16 de mayo de 1932. En el ínterin, la interventora había obtenido una sentencia favorable con respecto al título de la casa, en un pleito independiente entablado por ella contra los Riera para dicho fin. No aparece que el título de la casa fuera jamás inscrito.

De la anterior reseña de los hechos podemos llegar a la conclusión que los Riera eran claramente los dueños del solar en que estaba ubicada la casa de Francisca Alfonso Marrero; que ellos probaron su derecho a desalojar a los ocupantes de la casa y a remover la casa misma de su solar, y que una sentencia a ese efecto se había convertido en firme allá para el 16 de mayo de 1932.

Revisemos el curso de los acontecimientos posteriores. En noviembre 28 de 1932, Francisca Alfonso Marrero y Ramón Echavarry se unieron en un escrito que intitularon "Notificación de Desalojo" y que radicaron ante la corte municipal en el pleito civil número 12,180. Los Riera entonces solicitaron, con fecha 16 de diciembre del referido año que la casa fuera separada del solar, de conformidad con la sentencia por ellos obtenida en 23 de marzo de 1932. Entonces, el 20 de diciembre de 1932, surgió un aviso dirigido a Antonio B. Macías, como apoderado de los Riera, informándole que por escritura de 13 de diciembre del mismo año, Rafael Vázquez Sebas adquirió la casa de Francisca Alfonso Marrero. El mismo día la corte municipal expidió una orden dirigida al secretario, concebida en los siguientes términos:

" . . . La corte ordena al secretario de la misma se sirva librar mandamiento dirigido al márshal de esta corte para que proceda al inmediato lanzamiento de los demandados y de todas aquellas personas que en su nombre ocupen el solar antes mencionado, o que lo detenten por derechos que hubieren de éstos."

No tenemos dudas de que las instrucciones dadas al márshal por el secretario, de conformidad con la orden anterior, estuvieron enteramente autorizadas por la sentencia. No debemos olvidar que los términos expresos de la sentencia

original de marzo 23, 1932, sancionaban la remoción de la casa.

La corte inferior basó su opinión casi enteramente en la simulación de la venta de diciembre 13, supra. Para llegar a esa conclusión, la corte se basó en la jurisprudencia de este Tribunal en los casos de *Santini Fertilizer* v. *Burgos,* 34 D.P.R. 869; *Lebrón* v. *F. Fresno & Co. et al.,* 39 D.P.R. 901, y otros que les han seguido. Aunque esos casos se refieren a enajenaciones en fraude de acreedores, su *ratio decidendi* es aplicable al recurso que está ante nos. Después de todo, los Riera habían adquirido el derecho a que se removiera la casa del solar. Hay indicios de fraude a través de todos los procedimientos. Es sorprendente que la notificación de la venta se hiciera el mismo día en que se expidió el mandamiento de ejecución en el procedimiento de desahucio. También es significativo que Rafael Vázquez Sebas comprara una casa que según ahora sostiene valía $1,800, por los $300 mencionados en la escritura. Otro hecho que no puede escapar nuestra atención es que, contrario a lo que el letrado de los apelantes dice en su alegato, el mismo letrado representó a Ramón Echavarry en el referido pleito de desahucio, conforme se desprende de la moción de noviembre 28, 1932, que ya hemos discutido. También figura como abogado de Francisca Alfonso Marrero en la apelación por ella interpuesta para ante este Tribunal de la orden negándose a expedir el auto de *certiorari* contra la corte municipal en el mismo procedimiento de desahucio. Sacamos a relucir este hecho meramente para sostener, por la fuerza que ella pueda tener, la aserción de la corte de distrito, hecha en su opinión, al efecto de que más o menos los mismos abogados han representado a las partes desde que se inició el pleito original en enero de 1932, mas no para poner en tela de juicio el proceder del letrado al acompañar a las partes que intervinieron en la compraventa hasta la oficina del notario público J. J. Ortiz Alibrán, con una escritura ya preparada. Todas estas consideraciones, en adición al hecho de que la escritura misma

meramente decía que parte de la suma pagada se había recibido de antemano y de que no pasó causa alguna (*consideration*) ante el notario, tienden a sostener la conclusión de la corte inferior.

La contención de los apelantes al efecto de que la corte no podía anular la escritura de venta sin una demanda o procedimiento especial, etc., es insostenible ante la doctrina de que la nulidad absoluta de una transacción puede ser siempre suscitada si se descansa en su validez para la adquisición de derechos, y que ello puede hacerse colateral o directamente.

■■ Tenemos otra idea con respecto a este caso, que puede ser aplicable. ¿Debe un demandante que ha obtenido sentencia firme en un pleito de desahucio y que está próximo a cumplimentar un mandamiento de ejecución que le autoriza a destruir una casa construída por un tercero en su propio suelo, cuando el título de la casa no está inscrito, ser afectado en sus procedimientos por el hecho de que alguien le notifica que ha comprado dicha casa? El adquirente sabía que la casa estaba enclavada en terrenos no pertenecientes a la persona que le vendió. La vendedora sabía que se había dictado sentencia firme en su contra y que la casa estaba sujeta a ser removida en cualquier momento. Bajo las circunstancias, y aun asumiendo la existencia de buena fe por parte de Rafael Vázquez Sebas, el adquirente, él debe sufrir las consecuencias de lo ocurrido a virtud del silencio de la persona de quien hubo. Si él sabía de los procedimientos judiciales, y nos inclinamos a creer que así era, su posición sería considerablemente debilitada. Tenemos la idea de que una vez que se ha obtenido sentencia en un procedimiento de desahucio contra una persona, como ocurre aquí, el que adquiera de ese demandado o de esa persona recibe la propiedad sujeta a la ejecución de dicha sentencia en la forma dispuesta por la ley, y no tiene derecho a que se le tenga ninguna consideración dentro del procedimiento una vez que el mismo ha llegado a ese estado. Su remedio, de tenerlo, es proceder contra la persona de quien compró la finca. Un

criterio distinto permitiría a un demandado prolongar un procedimiento de desahucio casi indefinidamente.

Un deudor por sentencia, o un demandado contra quien se ha dictado sentencia final que afecta directamente alguna propiedad específica, puede vender esa propiedad a un tercero, pero ese tercero recibe la propiedad sujeta a las obligaciones contraídas en la sentencia. Una venta efectuada después de haberse dictado sentencia no debe hacer que el adquirente se convierta en parte demandada.

Por las razones antes expuestas, somos del criterio de que Rafael Vázquez Sebas nunca adquirió ningún derecho contra los Riera y que cualesquiera daños que haya sufrido fueron el resultado combinado de su propia actuación al adquirir una casa situada en solar ajeno y de la posición no revelada de la persona de quien adquirió la misma.

*La sentencia apelada debe ser confirmada.*