Emilio Ledesma Marrero, etc., et al., demandantes y recurrentes, *v.* Belén Ledesma Marrero, etc., et al., demandantes y recurridos.

*Número:* 12345.    *Resuelto:* 18 de diciembre de 1961.

Samuel R. Quiñones y Carlos D. Vázquez, abogados de los recu-- rrentes; Gustavo Marrero Ledesma, abogado de los recurridos.

Sala integrada por el Juez Asociado señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados señores Santana Becerra y Rigau.

PER CURIAM: Por escritura pública otorgada en 20 de agosto de 1924, don Pablo Pons Bujosa vendió a doña Belén Ledesma Vda. de Ortiz una finca rústica sita en el Barrio Mameyes de Jayuya, llamada "Unión".

Los padres de la compradora llamados Don Salvador Ledesma y doña Carmen Marrero, fallecieron en el año 1937. Unos quince años después, dos hermanos de la compradora doña Belén Ledesma interpusieron una acción contra ésta y otros herederos de don Salvador Ledesma sobre reivindicación de condominios, inexistencia de contrato y otros extremos.

Fundaron su acción en que la venta hecha por don Pablo Pons a doña Belén Ledesma fue simulada ya que el verdadero comprador lo era don Salvador Ledesma quien satisfizo $15,000 como precio de la finca; que dicha suma provenía de la participación de $20,000 que correspondió a Don Salvador Ledesma al liquidarse en 1924 una sociedad agrícola que éste tenía con don Pablo Pons y que para la fecha de la compra de dicha finca doña Belén Ledesma era insolvente.

El Tribunal Superior falló en contra de los demandantes. Concluyó que no se había probado la existencia de la mencionada sociedad agrícola; que doña Belén Ledesma era la dueña de la finca Unión, por haber pagado su precio al vendedor, habiendola poseído desde entonces en concepto de dueña.

Once errores levantan los demandantes recurrentes, casi todos ellos dirigidos a atacar la apreciación de la prueba hecha por el tribunal sentenciador. Dicha prueba fue conflictiva y el tribunal a quo dirimió el conflicto en contra de los demandantes.

No podemos convenir con éstos en que la parte recurrida omitiera probar que hubo causa en el contrato que se ataca, ni en que la sentencia se base en presunciones controvertibles que perdieron el carácter de presunta verdad al ser atacados, ni es tampoco contraria a derecho o a los hechos la conclusión de que doña Belén pagó el precio de la finca con las economías de su negocio.

En *Lebrón* v. *Fresno Co. et al.*, 39 D.P.R. 901, citado por los recurrentes se resuelve que para el Código se presume que todo contrato tiene causa y que es lícita a menos que esa presunción sea destruida por prueba en contrario y asímismo, que se entenderá que no medió precio ni su equivalente en los contratos cuando el notario no da fe de su entrega o si confesando los contratantes haberse éste verificado con anterioridad no se justificare el hecho, que es lo que dice la Ley Hipotecaria en su artículo 40. Al no darle crédito a la prueba de los demandantes, éstos dejaron de controvertir la presunción de existencia de causa. Para probar la simulación se requiere prueba que satisfaga plenamente la conciencia del juzgador. *Núñez* v. *Rodríguez*, 51 D.P.R. 642. La de los demandantes fue bastante confusa. Pero en el supuesto de que los demandantes hubieran presentado prueba suficiente para destruir la presunción de existencia de causa, la demandada, contrario a lo alegado por los recurrentes, presentó prueba para demostrar que ella no era insolvente y que por el contrario tenía negocios de los cuales derivaba ingresos. Además explicó en que forma y ante quienes pagó en distintas partidas, el precio de la finca Unión al vendedor Don Pablo Pons.

Tampoco es aplicable el principio de que se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito. El vendedor don Pablo Pons no era deudor ni enajenó a título gratuito.

La cuestión a resolver era si doña Belén Ledesma compareció en la escritura de compraventa de la finca Unión como

simple testaferro de don Salvador Ledesma, o si por el contrario fue ella en dicho contrato la verdadera parte compradora. El conjunto de la prueba practicada es suficiente para sostener la conclusión de que doña Belén es dueña legítima de la referida finca.

Es cierto que por falta de explicación en el récord parte de la prueba documental es susceptible de diversas interpretaciones. Mas no creemos que el juez de instancia se equivocara al apreciarla. Por ejemplo, los recurrentes analizan extensamente la cuenta corriente entre don Pablo Pons y doña Belén Ledesma para concluir que esa cuenta contiene las partidas abonadas por Pons a don Salvador para saldar el remanente de $5,000 que a este último correspondiera con la liquidación de la sociedad agrícola.

En el estado de cuenta que pasa don Pablo a doña Belén y que cubre de agosto 21 de 1924 a mayo 13 de 1925, figuran diversas partidas en efectivo entregadas a don Salvador Ledesma, dinero enviado a un hijo de éste, dinero pagado al banco, honorarios de abogado, sellos de escritura, dinero pagado a otras personas, gastos de la finca, etc. Arrojaba un balance de $3,415.43, que según los demandantes era un abono que hacía don Pablo Pons a Don Salvador a cuenta de los $5,000 que el primero adeudaba al segundo. Sin embargo, en ese estado de cuenta, don Pablo carga una partida de intereses sobre $3,359.61 desde el 22 de marzo al 13 de mayo. Si esa suma la pagaba don Pablo a don Salvador como afirman los demandantes, ¿cómo podía don Pablo cobrar intereses sobre una cantidad que él debía? Pero hay algo más importante. Del propio estado de cuenta aparece que el balance de $3,415.43 fue pagado a don Pablo Pons mediante dos cheques librados por la firma G. Estarellas & Cía., por la suma total de $3,311.61. Esta era la firma con la cual doña Belén Ledesma sostenía relaciones comerciales. De suerte que si lo que se alega es que los $3,311.61 fue un pago hecho por don Pablo a don Salvador, ¿por qué se le devuelve al deudor esa suma

:mediante pagos hechos por G. Estarellas & Cía.? Véase pues, que esta prueba documental era susceptible de la interpretación que le dió el tribunal sentenciador.

█ Si fue error la admisión de una escritura en virtud de la cual doña Belén Ledesma adquirió en 1925 otra finca que no es objeto de este litigio, el mismo carece de importancia y en nada afecta el resultado del litigio.

Los otros errores se dirigen a atacar conclusiones de hecho del tribunal a quo. No hemos quedado convencido de que los errores fueron cometidos o que algunos de ellos, de haberse cometido, ameriten la revocación de la sentencia.

*Por las razones expuestas se confirmará la sentencia apelada.*